THOMAS MULVERHILL v. T. O. THOMPSON, Appellant.

Waters: DIVERSION: DAMAGES.   The damage to a farm occasioned by the diversion of water from its natural course is measured by the difference in the fair market value of the farm immediately before and after the injury complained of.   Under the evidence the verdict is held excessive.

*Appeal from Story District Court.*—HON. J. H. RICHARDS, Judge.

MONDAY, JANUARY 18, 1904.

ACTION to recover damages occasioned by the diversion of water from its natural course on the plaintiff's land.   The issues are more fully stated in the opinion of the court on the former appeal, found in 114 Iowa, 734. Judgment was rendered against defendant, and he appeals.—*Affirmed.*

*D. J. Vinji* for appellant.

*H. M. Funston* and *J. F. Martin* for appellee.

PER CURIAM—On the former appeal the question as to whether the defendant, in digging and extending the ditch in the road, causing the damages, acted under the directions of the road supervisor, was held to have been for the jury, and an examination of this record has confirmed the correctness of that conclusion. The finding for the plaintiff is supported by the evidence. The instructions are not vulnerable to the criticisms made. The verdict was for $800. The measure of damages, according to the instructions, was the difference between the fair market value of plaintiff's farm of one hundred and thirty-three acres, immediately before, and such value immediately after, the wrongful excavation of the ditch. But one witness gave an estimate of values, and he declared its value before to be $57.50 to $60 per acre, and after to be $55 per acre. No testimony put the acreage overflowed in times of high water at more than fifteen or twenty acres and some injury to three acres of pasture. Witnesses estimated the difference in the rental value of the farm at from fifty to seventy-five cents per acre, but this evidence, if admissible at all as bearing on the measure of damages stated, was merely corroborative of the estimate of values given. The amount allowed was more than the evidence, viewed in the most favorable light, justified; and, unless the plaintiff shall file with the clerk of this court a remittitur in the sum of $350 of the amount of the verdict and judgment within thirty days of the filing of this opinion, the judgment will be reversed. If such remittitur is so filed, the judgment will stand AFFIRMED.

WEAVER, J., took no part.